UNITED STATES DISTRICT COURT
For the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE MICHAEL DOWD,<br>　　　　　　　　　Plaintiff,<br>　　vs.<br><br>JAMES DOWD,<br>　　　　　　　　　Defendant. | Civil Action No.<br>04-11925 NG |

**MEMORANDUM IN SUPPORT OF
MOTION OF THE DEFENDANT FOR
A MORE DEFINITE STATEMENT
AND
TO STRIKE SCANDALOUS AND IMPERTINENT MATERIAL**

I.  Introduction

The defendant, James Dowd, submits this memorandum in support of his motion for an order requiring the plaintiff to file an amended complaint setting forth a more definite statement of the claim, and also to order stricken the allegations of paragraph 8 of the complaint, from this and any amended complaint.

As further articulated below, the complaint is defective in two respects that this motion seeks to remedy.

The complaint is so vague and ambiguous that the defendant cannot reasonably be required to frame a responsive pleading.  For instance, the first count of the complaint declares that it is in contract.  The complaint, however, fails to identify the contract, set forth or even summarize the material terms on which suit is brought, or identify even generally the defaults that give rise to the claim.

The allegations of paragraph 8 of the complaint are scandalous and impertinent because, while attempting to impugn the morals of the defendant, they are not used as a basis for recovery or to support any claims.

## II. <u>The Facts</u>

### A. The Complaint

In his complaint, the plaintiff sets forth a garbled tale of defeated expectations, without describing any facts, even generally, that would turn those expectations into a claim.

After identifying the parties, and certain real estate, plaintiff alleges that he conveyed this property to the defendant "in good faith, for sufficient consideration." The plaintiff then goes on to allege that he did so:

> … with the understanding that James Down would compensate George Michael Dowd for a $30,000 loan that James Dowd received pursuant to the property….

Complaint, ¶ 4. The complaint never explains the factual basis for such an expectation, or even whether the defendant knew or should have known of it.

The complaint then goes on to demand $50,000 from the proceeds of a further sale of the property, without explaining the basis for *this* claim. At best, the complaint refers vaguely, ambiguously and conclusorily to a "contract" the sole term of which is a purported obligation to pay $80,000. In a number of places in the complaint, the phrase "pursuant to the property" is tagged on to the statement of purported obligation, without explanation. Because this opaque phrase is never explained, defendant cannot fairly determine either what it means or whether there is a statute of frauds defense to the claim. The ambiguity and vagueness of the complaint is explored further, below.

### B. Pre-Motion Conferences

Defendant sought to conference this matter with the plaintiff. On January 4, 2005, undersigned called counsel for plaintiff and discussed the filing of an amended complaint. That

2

same day, after agreement to this effect had been reached, undersigned sent a draft stipulation (copy attached), as well as a draft of this motion, to opposing counsel. During a follow-up telephone call on January 6, 2005, counsel for the plaintiff stated that he would sign and file the stipulation. During the intervening days, undersigned counsel has made numerous calls to counsel for the plaintiff to determine whether or not the stipulation would, in fact, be filed. On Thursday, January 13, 2005, counsel for plaintiff stated during a telephone conversation that he had been out of the office sick and would look to this matter upon his return to the office. When the stipulation was not filed by the morning of Tuesday, January 18, 2005, undersigned counsel sent to counsel for plaintiff an e-mail indicating that, if notice of filing of the stipulation had not been received by the end of the day that day, the motion would be filed. No notice of filing of the stipulation was received. This motion followed.

### III. Argument

#### A. A More Definite Statement Is Required

The complaint in this case is so vague and ambiguous that the defendant cannot be expected to decipher it and cannot be expected reasonably to frame a responsive pleading. In the absence of a more definite statement, the defendant's only pleading option would be to deny virtually all of the (purportedly) substantive allegations simply because he did not want to admit by an inadvertence arising from the ambiguity or vagueness of the document itself. That option is inconsistent with the requirement that denials "fairly meet the substance of the averments denied," Fed. R. Civ. P., Rule 8(b), and a more definite statement should be ordered, consistent with the requirements of Rule 8 that the complaint set forth a short and *plain* statement of the claim.

Motions for a more definite statement under Rule 12(e), while disfavored, are nonetheless granted where necessary to permit the defendant reasonably to frame a response to the complaint. Fed. R. Civ. P., Rule 12(e)(motion is available where a complaint "… is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."); compare <u>Raytheon Company v. Continental Casualty Company</u>, 123 F. Supp. 2d 22, 33 (D MA 2000) (motion allowed when necessary to permit responsive pleading; motion not allowed because plaintiff has identified the governing insurance contracts and their periods of coverage)(recommendation by Dein, MJ, adopted by the Court at 123 F.Supp. 2d 22 (D. MA 2000)(Saris, J.).

It is clear from the complaint that the plaintiff asserts that the defendant bought land from him "for sufficient consideration." After that, however, the complaint is a hopeless jumble of assertion, impertinent materials, and conclusory allegations.

The complaint's first assertion of purportedly actionable facts occurs in paragraph 4. As noted above, that paragraph makes cryptic reference to "compensat[ion]" for a "loan" that somehow was "pursuant to the property…." The complaint never explains what the compensation was *for*. Does the plaintiff mean that *he* lent the money to Dowd to permit Dowd to buy the property from him, and wants to be repaid? Does he mean that he wants a finder's fee for allegedly helping the defendant to obtain the loan, a matter raising its own statute of frauds issues? Mass. Gen. Laws, ch. 259, § 7. Does he now claim that he acted as guarantor, and wants to be paid for having done so? Is he seeking indemnification for liability as guarantor or co-maker?

Each of these scenarios presents the possibility of different defenses. If, for instance, the plaintiff is saying that the purported "loan" consisted of simply not requiring the payment of an

additional amount of purchase price at the closing, for which the plaintiff is essentially seeking to avoid paying transfer taxes, then the defense of illegality might be available.

What does the plaintiff mean by alleging that something (the loan? the compensation?) was "pursuant to the property?" Was the alleged transaction so closely related to the sale of real estate that a statute of frauds defense is available? Is the plaintiff, in essence, alleging an unwritten, unrecorded mortgage? The complaint is so vague and ambiguous that the defendant cannot respond to this pleading, because he would not know to what allegations he is responding.

The complaint cannot fairly, and without resolving these ambiguities, even be read to state a claim. Did the plaintiff communicate his "understanding" to the defendant, or did it exist under circumstances that the defendant knew or should have known that the understanding was in fact an expectation on the basis of which the transfer occurred in the first place? The plaintiff's unexpressed understanding, without more, is not a basis for a claim sounding in contract or unjust enrichment. See Therrien v. LeBlanc, 282 Mass. 328 (1933)(evidence that either *defendant* knew that the plaintiff expected to be paid, or *defendant* expected to pay the plaintiff, saved case from directed verdict); Universal Health Services, Inc. v. Corcoran, 28 Mass. App. Ct. 959 (1990)(implied contract exists where valuable services are rendered and knowingly accepted, it being inferred that there is an expectation of payment).

The ambiguity of the complaint continues in the following paragraph. That paragraph reads, in its entirety, as follows:

> Accordingly, James Dowd owed George Michael Dowd $50,000 for monies received from the sale of the real estate at 47 Mallard Way, Waltham, Massachusetts.

Complaint, ¶ 5. The use of the word "accordingly" suggests that the $50,000 debt owed somehow flowed from the matters asserted in the prior paragraph. How, if at all, did an

5

obligation to pay $*50,000* arise?[1]  Was it a matter of "understanding", such that an implied contract is at issue, or an express contract?  If the former, was that a different understanding from the one pled in the prior paragraph or a different one?  If the plaintiff's understanding was that the defendant would "compensate" him for a $30,000 loan, how did that turn into an obligation regarding $50,000?  In either event, under what circumstances did the understanding arise?  The following paragraph (¶6) indicates that plaintiff believes that he is owed $80,000; thus, the $50,000 is apparently owed in addition to the $30,000 referenced in the prior paragraph.  But there is no allegation of any agreement or understanding concerning the payment of sale proceeds.

      Is the plaintiff asserting an unwritten interest in real estate, such that he should be entitled to a share of the appreciation after the sale to the defendant?  If so, how does he avoid the statute of frauds and a motion to dismiss or for judgment on the pleadings?  Mass. Gen. Laws, ch. 259, § 1, fourth.  How was the amount of $50,000 fixed?  Was that arrived at as a percentage of sales proceeds?  Was there an express agreement as to a fixed amount?  Plaintiff does not say, because he never says what the basis is for claiming entitlement to an additional $50,000.

      The remaining paragraphs of the complaint do not clarify these ambiguities.  Paragraph 6 compounds the confusion because it introduces the figure of $80,000 without showing how, if at all, the two numbers relate to one or more agreements, and there is a single cryptic reference to [the parties'] agreement concerning [the property]."  Paragraph 7 continues to compound the confusion, because here the monies sought are characterized as "restitution or monies gained from the breach of a contractual agreement" – a contract the material terms of which are never pleaded – and it is now not clear whether the claim is one for restitution, or for damages.

---

[1] It is easy enough to infer that there was a subsequent sale of the property.  Defendant would prefer, of course, that the alleged sale and sale price be pleaded, if that is material to the claim.  But defendant does not base the motion on the mere absence of an allegation of the implied subsequent sale.

Paragraphs 8 and 9 do nothing to help. Paragraph 8 recites the impertinent and scandalous accusation that "James Dowd threatens this father [sic] that he will call the police if he comes near him, which is reckless conduct on the part of James Dowd," and paragraph 9 contains the equally immaterial averment that "James Dowd made a significant amount of monies from the sale of…" the property.

The specific counts likewise do not dispel the numerous confusions caused by this complaint.

The Count explicitly labeled as sounding in contract alleges, in paragraph 11, that the plaintiff had "a binding contractual agreement with James Dowd for sufficient consideration, forthwith, James Dowd was to compensate George Michael Dowd with the sum of $80,000 pursuant to a piece of real estate …" In light of the assertion in paragraph 4 of an "understanding" concerning "compensation" for a loan in the amount of $30,000, the complaint has the internal ambiguity of claiming, on the one hand, an understanding composed of separate parts, one of which had to do with compensation of a $30,000, and, on the other hand, the conclusory assertion of a contract for $80,000, part of which appears to be the separate amount of $30,000 pled earlier. Further, plaintiff continues to use the cryptic phrase "pursuant to a piece of real estate."

Count Two alleges an additional basis for the claim, i.e, restitution. Pleading in the alternative is, of course, permissible. It is often advisable to plead both contract and unjust enrichment in the event a contract is not formally enforceable but the performance is nonetheless actionable, for instance in cases of substantial performance of a construction contract. But nothing in the complaint asserts that the alleged contract – whatever it is – is or might be unenforceable. Further, nothing suggests any basis for restitutionary recovery or the

7

appropriateness of a *quantum meruit* measure of damages. Despite the impertinent allegation that James Dowd "made a significant profit from the sale of the real estate" (complaint, ¶ 11), the defendant is left to speculate about why it is that he should share that profit with the plaintiff, who admits that he received "sufficient consideration" for his sale to the defendant.

Despite the general principles of notice pleading embodied in Fed. R. Civ. Pro., Rule 8, we are not at the point when it is enough to say "I hurt, pay me." The complaint must set forth a short and plain statement of a claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro., Rule 8(a)(2). Likewise, it is not enough to plead mere legal conclusions. See gen. Donald v. Orfila, 618 F.Supp. 645 (DCDC), aff'd 788 F.2d 36 (DC CIR. 1986) (on Rule 12(b)(6) motion to dismiss, it is only well-pleaded material facts which are to be taken as admitted, not plaintiff's legal conclusions). Defendant is entitled to respond to well-pleaded *facts*, and nothing properly in the complaint clarifies its ambiguities and its vagueness sufficiently to permit a proper response to the complaint. Therefore, the motion for a more definite statement should be allowed.

    B.  The Complaint Contains Scandalous And Impertinent Matter That Should Be Struck

The plaintiff's allegations in paragraph 8 of the complaint, that the defendant has threatened to call the police on him, and that this constitutes "reckless" conduct, have no bearing on the claims alleged. The plaintiff has alleged refusal to comply with his demands, complaint, ¶ 7, and if there has been a threat to call the police if the plaintiff continues to make them when the plaintiff comes "near" the him, that is unnecessary and not part of the breach of contract or restitution claims. Because these allegations are both not pertinent to the claims alleged, and seek to reflect unfavorably and unnecessarily on the moral character of the defendant, they should be struck. See, gen., Moore's Federal Practice, Third Edition, Vol. 2, §§ 12.37[3] at pp.

12-95 to 12-97 (impertinent matter subject to motion to strike is material that has no bearing on the subject matter of the case and which is prejudicial; scandalous matter is material that "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the Court").

Fed. R. Civ. P., Rule 12(f) provides the vehicle for striking scandalous or impertinent materials from a pleading:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter.

Any matter not germane to the issues of a cause of action should be stricken on motion by the adverse party. Best Foods Inc. v. General Mills, Inc. 3 FRD 459 (DC Del. 1944), modified on other grounds, 59 F. Supp. 201(DC Del 1944). Further, pleadings containing allegations that might significantly complicate the litigation are particularly vulnerable to a motion to strike, particularly where the allegations, which are legally insufficient, could substantially complicate the discovery proceedings and the issues at trial. Louisiana Sulphur Carriers, Inc. v. Gulf Resources & Chemical Corp., 53 FRD 458 (DC Del 1971).

By interjecting the personal disputes about how the plaintiff made his demands and how the defendant responded to them, the plaintiff unnecessarily complicates this case. The transparent purpose for doing so is to portray the defendant in an unfavorable light. Any effort by the defendant to show why he would react to the plaintiff as he did – however he did -- would inevitably interject into the proceedings complexities on irrelevant matters.

Paragraph 8 of the complaint should be ordered struck, and to the extent an amended complaint is ordered in response to the portion of this motion seeking a more definite statement, the amended complaint should not include these allegations.

### IV. Conclusion

For the foregoing reasons, the motion should be allowed in its entirety.

JAMES DOWD
By his attorneys

/s/ Paul M. Rezendes
Nelson P. Lovins, BBO#306020
Paul M. Rezendes, BBO#417850
LOVINS & METCALF
Ten Cedar Street, Unit 22
Woburn. MA  01801
(781)938-8800
fax:  (781)938-5753
e-mail: nlovins@lovinslaw.com

Dated:  January 19, 2005