UNITED STATES DISTRICT COURT
For the
DISTRICT OF MASSACHUSETTS

_____
                                  )
GEORGE MICHAEL DOWD,              )
        Plaintiff,                )
                                  )        **CIVIL ACTION NO.**
v.                                )        **04-11925 NG**
                                  )
JAMES DOWD,                       )
        Defendant.                )
_____)


**MOTION OF THE DEFENDANT, JAMES DOWD,
FOR SUMMARY JUDGMENT AND REQUEST FOR ORAL ARGUMENT**

Pursuant to Fed.R.Civ.P. 56, the Defendant, James Dowd (hereinafter "J. Dowd"), hereby moves that this Honorable Court enter summary judgment in his favor as to COUNT I and COUNT II of the Plaintiff's Complaint.

As grounds for this Motion, J. Dowd states that the Plaintiff, George Michael Dowd ("G.M. Dowd") brought this action against J. Dowd alleging "Breach of Contract" and "Restitution, Quantum Meruit." In support of these claims, G. M. Dowd alleges that he conveyed a parcel of real estate located at 47 Mallard Way, Waltham, Massachusetts ("Property") to J. Dowd with the expectation that G. M. Dowd would receive, in addition to the mutually agreed upon purchase price contained in the duly executed Purchase and Sale Agreement ("P & S"), a sum of $80,000. G. M. Dowd claims that the $80,000 is reflective of an alleged unrecorded oral $30,000 loan and an alleged unrecorded oral contract worth $50,000 tied to the subsequent sale of the Property to a third party.

However, there is a *complete lack of evidence* in this case as to the essential elements of G. M. Dowd's case.  Specifically:

1) The entire purchase price, which was mutually agreed upon, is reflected in the signed P & S;

2) There is no language contained in the P & S, or any other writing, relative to any loan between J. Dowd and G.M. Dowd;

3) There is no language contained in the P & S or any other writing relative to any stipulation which would confer *additional* monetary benefit to G.M. Dowd upon the sale of the Property by J. Dowd to a third party; and

4) There exist no writings whatsoever which even allude to the $80,000 in which G.M. Dowd refers.

Defendant hereby relies upon his <u>Statement of Reasons In Support of Motion of the Defendant, James Dowd, for Summary Judgment and Request for Oral Argument</u>, <u>Statement of Uncontested Facts and Legal Elements in Support of Motion of the Defendant, James Dowd, for Summary Judgment and Request for Oral Argument</u>, <u>Affidavit of Robert J. Brown, Jr. and Certification Pursuant to Local Rule 7.1(A)(2)</u> filed herewith and incorporated herein by reference.

WHEREFORE, when the applicable law is applied to the undisputed facts, there are no genuine issues of material fact for the fact finder and summary judgment should be entered for Defendant.

## REQUEST FOR ORAL ARGUMENT

Defendant hereby requests oral argument, as he believes it may assist the Court in deciding the within Motion.

        Respectfully submitted,
        James Dowd,
        By his attorneys,

        /s/ Robert J. Brown, Jr.
        Nelson P. Lovins,    BBO #306020
        Robert J. Brown, Jr.    BBO #658918
        LOVINS & METCALF
        Ten Cedar Street
        Woburn, MA 01801
        PH:    (781) 938 – 8800
        F:    (781) 938 – 4753