UNITED STATES DISTRICT COURT
For the
DISTRICT OF MASSACHUSETTS

_____
                                                    )
GEORGE MICHAEL DOWD,          )
        Plaintiff,                        )
                                                    )        CIVIL ACTION NO.
v.                                                )        04-11925 NG
                                                    )
JAMES DOWD,                              )
        Defendant.                     )
_____)


**STATEMENT OF REASONS IN SUPPORT OF MOTION
OF THE DEFENDANT, JAMES DOWD, SOR SUMMARY JUDGMENT
AND REQUEST FOR ORAL ARGUMENT**


I.  INTRODUCTION

The Defendant, James Dowd ("J. Dowd"), hereby submits this Statement of Reasons in support of his Motion for Summary Judgment as to Counts I and II, filed herewith.


II.  CONCISE STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH IT IS CONTENDED THERE EXISTS NO GENUINE ISSUE TO BE TRIED

A.  The Established and Undisputed Facts

The Defendant, J. Dowd, is a natural person residing in the Commonwealth of Massachusetts. *Defendant's, James Dowd, Statement of Uncontested Facts and Legal Elements in Support of Motion for Summary Judgment,* ("SOF") ¶1.  Plaintiff, George Michael Dowd ("G.M. Dowd"), is a natural person residing in Florida. SOF ¶2.  G.M Dowd is J. Dowd's father. SOF ¶3.  On or about December, 4 2003, G.M. Dowd and J.

Dowd executed a Purchase and Sale Agreement ("P & S") concerning a parcel of real estate located at 47 Mallard Way, Waltham, Massachusetts ("Property"). SOF ¶4. The purchase price of the Property contained in the P & S is $420,000. SOF ¶5. The purchase price of $420,000 contained in the P & S was duly agreed upon and reflects the entire amount paid for the Property. SOF ¶6. The purchase price of $420,000 was negotiated by and between J. Dowd and G.M. Dowd and reflected G.M. Dowd's desire to sell the Property to his son for a discounted price. SOF ¶7. G.M. Dowd had conversations with family members in which he explained his desire to sell the Property to J. Dowd for a discounted price. SOF ¶7. The discounted price reflects G.M. Dowd's desire to provide J. Dowd with an early inheritance. SOF ¶8. G.M. Dowd now alleges he reduced the purchase price of the Property by $30,000, from $450,000 to $420,000, in exchange for an alleged undocumented $30,000 loan to J. Dowd. SOF ¶9. There exists no contract which references, in any way, any loan regarding the purchase and sale of the Property. SOF ¶11. There are no witnesses to any agreement between J. Dowd and G.M. Dowd that creates an obligation for J. Dowd to pay $30,000 to G.M. Dowd. SOF ¶12. G.M Dowd further alleges that the parties entered into an oral undocumented contract whereby J. Dowd was to pay to G.M. Dowd $50,000 should J. Dowd sell the Property within two (2) years. SOF ¶10. There exists no contract which references, in any way, any payment of $50,000 to G.M. Dowd regarding the subsequent sale of the Property to a third party. SOF ¶¶13.

B. The Allegations

In Count I of the Plaintiff's Complaint ("Complaint"), G.M. Dowd seeks recovery of $80,000 because G.M. Dowd alleges there existed a binding contractual agreement with J. Dowd for sufficient consideration relative to the sale of the Property and because J. Dowd made an alleged significant profit from the subsequent sale of the Property. In Count II of the Complaint, G.M. Dowd petitions this Honorable Court to order J. Dowd to compensate G.M. Dowd the aforementioned $80,000 as restitution, claiming that, pursuant to their alleged agreement, J. Dowd was unjustly enriched. However, as the foregoing argument will affirmatively show, there are no triable issues and the Defendant is entitled to summary judgment as a matter of law.

III. ARGUMENT

A. The Summary Judgment Standard

Summary judgment is appropriate, for there are no genuine issues of material fact and J. Dowd is entitled to summary judgment as a matter of law. Summary judgment is a "device to make possible the prompt disposition of controversies on their merits without [a] trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved." Cassesso v. Commissioner of Correction, 390 Mass. 419, 456 N.E.2d 1123 (1983), *quoting* Community Nat'l Bank v. Dawes, 369 Mass. 550, 553, 340 N.E.2d 877 (1976). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine for purposes of summary judgment if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party" and a material fact is one which "might affect the outcome of the suit under the governing law." Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993), *quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See also* Seaboard Sur. Co. v. Town of Greenfield, ex rel. Greenfield Middle School Bldg. Comm., 370 F.3d 215, 218-219 (1st Cir. 2004).  There are no material facts which are in dispute.  There are no written contracts relative to the alleged $30,000 loan or $50,000 payment.  G.M. Dowd readily admits as much.  For these reasons and the reasons discussed herein, J. Dowd is entitled to summary judgment.

When the court considers the materials accompanying a motion for summary judgment, the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion, and all doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. Attorney General et al. v. Bailey, 386 Mass. 367 (1982).  The facts, even when cast in the light most favorable to G.M. Dowd, still proves too dim to survive J. Dowd's Motion for Summary Judgment.  Again, considering that G.M. Dowd admits that the purchase price contained in the P & S is $420,000 and that this is the only written instrument concerning the land, no doubt is left as to the existence of a genuine issue of material fact which would be resolved against J. Dowd.

The opposing party may not rely upon allegations, improbable inferences or unsupported speculation to a motion for defeat summary judgment.  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the

4

nonmoving party, who "may not rest on mere allegations, or denials of his pleadings, but must adduce specific provable facts demonstrating that there is a triable issue." Brennan v. Hendrigan, 888 F.2d 189, 191 (1st. Cir. 1989); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If evidence is merely colorable or not significantly probative, summary judgment may be granted. Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990), *citing to* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *See also* Mulvihill v. Top-Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003) (Once the moving party satisfies his burden, the non-moving party bears the burden of "producing specific facts sufficient to deflect the swing of the summary judgment's scythe.")  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (italics in original). J. Dowd respectfully suggest that his motion for summary judgment is properly supported and, as such, shall shift to G.M. Dowd the burden to defeat said motion. However, considering that G.M. Dowd must rely upon specific and provable facts, rather than mere allegations such as those contained in his Complaint, J. Dowd believes summary judgment is appropriate.

To defeat a motion for summary judgment, the opponent must demonstrate, through admissible evidence, that a material factual dispute exists or that summary judgment is inappropriate as a matter of law. Godbout v. Cousens et al., 396 Mass. 254, 261, 485 N.E.2d 940 (1985). Inadmissible hearsay cannot be used to defeat a motion for summary judgment. McKenzie v. Brigham & Women's Hospital, 405 Mass. 432, 541 N.E.2d 325 (1989), *citing* Madsen v. Erwin, 395 Mass. 715, 721, 481 N.E.2d 1160 (1985)

5

(Hearsay in an affidavit is unacceptable to defeat summary judgment); Flesner v. Technical Communications Corporation, 410 Mass. 805, 817, 575 N.E.2d 1107 (1991) (1991) (When the only evidence supporting a party's claim is inadmissible hearsay, the party's claim will not survive summary judgment). Those facts relied upon by the non-moving party, typically set forth in affidavits, depositions and the like, must have evidentiary value. As a rule, "[e]evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998). Additionally, the non-moving party must produce a sufficient amount of evidence to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("The mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.). In its scrutiny of the evidence put forth by the nonmoving party, the court can safety ignore "conclusory allegations, improbably inferences (sic) and unsupported speculation." Suarez v. Pueblo Int'l Inc., 229 F.3d 49, 53 (1st Cir. 2000), *quoting* Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). J. Dowd respectfully suggest that G.M. Dowd cannot point to the requisite sufficient amount of evidence to defeat the within motion. G.M. Dowd's allegations amount to speculation and conclusions which, at best, fall shy of even a scintilla of evidence when contrasted with the documented evidence of the purchase price.

The Federal Rules of Civil Procedure set forth the requirements for affidavits used in the course of summary judgment. In pertinent part, the rule provides that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be

admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e).  See e.g., Schubert v. Nissan Motor Corp, 148 F.3d 25, 29 (1st Cir. 1998) (finding that the district court property excluded affidavits from consideration because they did not meet the requirements of Rule 56(e) in that were based upon inadmissible hearsay).  The affidavits and other documents relied upon by the opposing party "must concern facts as opposed to conclusions, assumptions, or surmise", Perez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001) "not conclusory allegations." Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 414 (1st Cir. 2000).  Further, in order to be admissible, the non-moving party's "proffered statements must be specific and adequately supported with particularized factual information." Perez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir. 2001). *See also* Santiago-Ramos v. Centennial R.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) ("specific factual information based upon [Plaintiff's] personal knowledge").

  J. Dowd is entitled to summary judgment, for G.M. Dowd has no reasonable expectation of proving the essential elements of his case at trial.  J. Dowd respectfully suggests that the burden will shift to G.M. Dowd to respond with evidence of *specific* facts establishing the existence of a genuine disputed issue of material fact.  Being mindful that G.M. Dowd may not rely upon bare assertions and conclusions regarding his own assumptions, nor inadmissible evidence, J. Dowd respectfully suggests that G.M. Dowd will not meet his burden.

B.  <u>James Dowd Is Entitled to Summary Judgment as to Counts I of the Complaint Based Upon The Statute of Frauds, M.G.L.A. c. 259 §1, and Uncertainty of Contractual Terms</u>

Count I alleges a Breach of Contract arising out of two (2) oral agreements between J. Dowd and G.M. Dowd whereby J. Dowd was responsible to G.M. Dowd for a $30,000 undocumented loan and a $50,000 payment should the Property be sold within a two (2) year period.  Count II seeks restitution in the amount of $80,000 based upon the aforementioned alleged oral agreements concerning the purchase and sale of an interest in land.

(a) <u>The $30,000 Oral Agreement-Statute of Frauds</u>

G.M. claims that, sometime prior to the execution of the P & S, J. Dowd and he came to an oral agreement, whereby J. Dowd was responsible for the payment of a $30,000 loan. SOF ¶9.  G.M. Dowd alleges that he is owed $30,000 because of an agreement to reduce the purchase price of the home from $450,000 to $420,000. SOF ¶9.  However, there is no written loan agreement, contract, memorandum or letter to this affect. SOF ¶11.  The only writing concerning the purchase and sale of the Property is the P & S. SOF ¶6.  In fact and by his own admission, G.M. Dowd acknowledges that no such writing does, or ever has, existed regarding this alleged $30,000 loan. SOF ¶11.  Nor are there any witnesses to this alleged oral contract. SOF ¶12.

In his Complaint, G.M. Dowd states, "George Michael Dowd conveyed the parcel of real estate at 47 Mallard Way to James Dowd in good faith, for sufficient consideration with the understanding that James Dowd would compensate George Michael Dowd for a $30,000 loan James Dowd received *pursuant to the property* at 47 Mallard Way, Waltham, Massachusetts." Ex. A ¶4 (emphasis added).  By the very language of his Complaint, G.M. Dowd identifies this alleged $30,000 as an interest which is tied to the

8

property. In other words, it was part and parcel of the purchase and sale of an interest in real estate. G.M. Dowd now seeks to bring this action upon an alleged oral contract for the sale of land.

The Fourth Clause of the Statute of Frauds provides that no action may be brought upon a contract for the sale of land or any interest in land unless it is in writing and signed by the party to be charged. M.G.L.A. c. 259 §1. <u>Bibi v. Courville</u>, 357 Mass. 782, 260 N.E.2d 156 (1970); *See* <u>Rich v. DeAvellar</u>, 2 Mass.App.Ct. 632, 318 N.E.2d 184 (1974). Any such contract is unenforceable against either the buyer or seller if there is no sufficient written memorandum. <u>Guarino v. Zyfers</u>, 9 Mass.App.Ct. 874, 401 N.E.2d 857 (1980). As stated, there exists no writing other than the P & S. SOF ¶6. The P & S contains all of the essential terms of the agreement and is sufficient to satisfy the Statute of Frauds. The P & S is a written contract for the sale of land which was negotiated and signed by both parties to be charged. SOF ¶4  Within the meaning of the Statute of Frauds and applicable case law, there is no valid contract which can be enforced against J. Dowd other than the P & S.

The P & S makes no reference to any loan and states the purchase price as $420,000. Ex. C. Any promise involving real property is enforceable only if it meets the Statute of Frauds. <u>Schwanbeck v. Federal-Mogul Corp.</u>, 412 Mass. 703, 592 N.E.2d 1289 (1992). In order for there to be an enforceable offer to purchase assets, real and personal, to satisfy the Statute of Frauds, the memorandum in writing would have to contain the terms of the agreement insofar as seller sought to enforce them. <u>Schwanbeck v. Federal-Mogul Corp.</u>, 412 Mass. 703, 592 N.E.2d 1289 (1992).

G.M. Dowd's Complaint seeks to enforce a promise to pay $450,000 in exchange for the Property. SOF ¶9. To satisfy the Statute of Frauds, this alleged purchase price must be contained in a writing. M.G.L.A. c. 259 §1. G.M. Dowd, however, cannot produce any such writing to this effect. Further, by his own admission, he concedes that the P & S is the only writing in existence regarding the Property. SOF 6. The P & S contains, as an essential element, the purchase price to be paid for the property. SOF ¶5. The P & S makes no reference to any outstanding balance of $30,000 nor of any loan. Ex. C generally. There are no amendments or attachments to the P & S which refer to any additional loan of $30,000. Ex. C. Since G.M. Dowd seeks to enforce an oral promise to pay $30,000 of a $450,000 purchase price of an interest in land, that promise must be incorporated in a writing. The only writing which exists is the P & S which lists the purchase price at $420,000. The only price which may be enforced is the $420,000, for it is the only writing involving a promise to pay for an interest in land.

G.M. Dowd seeks to enforce an alleged oral contract directly relating to the purchase price for the sale of land. "When a party seeks to enforce an alleged oral contract that is within the Statute of Frauds…he must not only prove the existence of the oral contract itself but he must go one step further and prove a memorandum in writing containing the terms of that same oral contract so far as he seeks to enforce them." Fichera v. Lawrence, 312 Mass. 287, 288 (1942). *See also* Kalker v. Bailen, 290 Mass. 202, 195 N.E. 352 (1935). As stated, the only memorandum which exists is the P & S, which provides for no loan and only for the purchase price of $420,000. G.M. Dowd cannot meet his burden and any proffered argument which contradicts the within must fail.

G.M. Dowd's supposed loan of $30,000 to J. Dowd, should the court believe such an agreement ever existed, would nevertheless still be unenforceable.  As stated, G.M. Dowd admits that there exists no contract regarding this $30,000. SOF ¶11.  G.M. Dowd alleges that the $30,000 reflects a decrease in the sale price. SOF ¶9.  However, the sale price of $420,000 is reflected in the binding P & S and said P & S was duly executed by both parties. SOF ¶4.  The P & S makes no reference to any other document involving this alleged $30,000 loan. Ex. C. The writing required by the Statute of Frauds must disclose upon its face or by reference to other documents, the essential terms of the agreement of the parties. <u>Whelan v. Sullivan</u>, 102 Mass. 204 (1869); <u>Bridge Enterprises, Inc., v. Futurity Thread Co.</u>, 2 Mass.App.Ct. 243, 310 N.E.2d 622 (1974).  Purchase price is an essential term and must be in writing.  Fortunately, in this case, there exists such a writing.  The P & S contains the purchase price of $420,000.  The Court should ALLOW J. Dowd's Motion for Summary Judgment.

<u>(b)  The $50,000 Oral Agreement – Statute of Fraud and Uncertainty of Contract</u>

In his Complaint, G.M. Dowd claims that J. Dowd is responsible for a $50,000 payment "for monies received from the sale of the real estate at 47 Mallard Way, Waltham, Massachusetts." Ex. A ¶5.  G.M. Dowd further alleges that this sum of money is owed to him as the result of an alleged agreement between the parties. SOF 10. G.M. Dowd claims that the parties had an oral undocumented agreement whereby, if the Property was sold within a two (2) year period, J. Dowd was to give G.M. Dowd $50,000. SOF ¶10.  There is no evidence of this alleged agreement. SOF ¶13.  There are no writings which support or even allude to this alleged agreement. SOF ¶13. G.M. Dowd cannot identify when the two (2) year period was to begin or end. SOF 15.  G.M.

Dowd cannot state whether J. Dowd would be required to pay this money to G.M. Dowd if the Property sold for less than $420,000. SOF 15. In fact, G.M. Dowd can elucidate none of the terms or obligations of either party regarding this agreement. SOF 15.

It has been long held that "[a]ll essential terms of a contract must be sufficiently defined so that the nature and extent of the obligations of the parties can be ascertained." Caggiano v. Marchegiano, 327 Mass. 574, 579, 99 N.E.2d 861 (1951). *See generally* Corbin, Corbin on Contracts §501, 705 (1950) ("In contracts for the sale of land or goods, or for the rendition of services, the price to be paid in exchange is as much the subject matter of the contract as is the land, the goods, or the services, and is of equal importance in the transaction."). The $50,000 payment price regarding the property is an essential term of the contract. As stated, the P & S makes no reference to any $50,000 payment or of any purchase price other than $420,000. Ex. C. To be considered enforceable, this contract must be in writing. Further, as G.M. Dowd admits, there was never a single conversation between he and J. Dowd as to the obligations of either party. SOF 15. By his own admission, G.M. Dowd states that the terms of this alleged oral contract were not defined in any regard. SOF 15. It cannot be expected that, assuming an agreement was discussed, J. Dowd could ascertain the nature and extent of his obligations when the man alleging the contract cannot even sufficiently define its terms. Nor is this contract enforceable under the Statute of Frauds. *See* Defendant's Argument, *supra* at page 9-11.

Even when the facts are viewed in the light most favorable to G.M. Dowd, J. Dowd is nevertheless entitled to summary judgment. For these reasons, J. Dowd respectfully requests that this Court ALLOW his Motion for Summary Judgment.

(c) <u>Defendant, James Dowd, is Entitled to Summary Judgment as to Count I Based Upon the Parol Evidence Rule</u>

In this case, G.M. Dowd seeks to enforce a contract that is wholly inconsistent with the P & S. First, G.M. Dowd claims that the agreed upon purchase price was $450,000. SOF ¶9. The purchase price of $420,000 contained in the P & S is an essential term, for it governs the entire transaction. <u>Caggiano v. Marchegiano</u>, 327 Mass. 574, 579, 99 N.E.2d 861 (1951). *See generally* Corbin, <u>Corbin on Contracts</u> §501, 705 (1950). G.M. Dowd's claim that his oral agreement for an entirely different purchase price than contained in the P & S should not be considered. G.M. Dowd's allegations would create a contract that is wholly different and would, therefore, create an entirely new contract. This is precisely the type of action that the parol evidence rule seeks to prohibit. By changing the purchase price by $30,000, G.M. Dowd is asserting an oral agreement which is utterly different from the P & S and needs to be in writing. The P & S is clear and unambiguous and must be enforced excluding any consideration to the alleged $30,000 loan and the alleged $50,000 payment.

The parol evidence rule "bars the introduction of prior or contemporaneous written or oral agreements that contradict, vary, or broaden an integrated writing." <u>Berezin v. Regency Sav. Bank</u>, 234 F.3d 68, 72 (1st Cir. 2000), *citing* <u>Kobayashi v. Orion Ventures, Inc.</u>, 42 Mass.App.Ct. 492, 496, 678 N.E.2d 180, 184 (1997). Where there "is no ambiguity in the contract, it must be enforced according to its terms." <u>Freelander v. G.K. Realty Corp.</u>, 357 Mass. 512, 258 N.E.2d 786 (1970), *citing* <u>Sherman v. Employers Liability Assoc. Corp, Ltd.</u>, 343 Mass. 354, 178 N.E.2d 864 (1961). G.M. Dowd's claim that the purchase price was $450,000 rather than the $420,000 based upon a prior oral

agreement that contradicts the writing is barred from consideration.  Further, his assertion that there also existed a prior oral agreement to pay $50,000 should the Property be sold must also be barred, for it not only contradicts the P & S, but also greatly varies and broadens the written document.

When the written agreement, as applied to the subject matter, is uncertain or equivocal, the circumstances of the parties leading to its execution may be shown for the purpose of elucidating, but not to change its terms. Robert Industries, Inc. v. Spence, 362 Mass. 751, 753-754, 291 N.E.2d 407 (1973); Smith v. Vose & Sons Piano Co., 194 Mass. 193, 200, 80 N.E. 527 (1907). G.M. Dowd does not allege that the P & S is uncertain and, therefore, the circumstances of the parties should not even be considered.  However, should the court decide to look to the circumstances of the parties, it still may not change the terms of the P & S.  Therefore, G.M. Dowd's argument must still fail.  Further, it clearly and plainly contains all essential terms.  When the words of a contract are plain and clear, they alone determine the meaning of the contract. Merrimack Valley Ntl. Bank v. Baird, 372 Mass. 721, 723, 363 N.E.2d 688 (1977).  G.M. Dowd may continue to allege that he believed he had some conversations regarding these allege oral contracts. But the fact remains that these alleged negotiations, should the court find they even occurred, amount to imperfect negotiations which were never memorialized nor were their terms ever discussed.   Imperfect negotiations do not give rise to a contract. Blomendale v. Imbrescia, 25 Mass.App.Ct. 144, 516 N.E.2d 177 (1987).  In fact, G.M. Dowd even states that some of the terms of the contract were in his own mind. Ex. D p 69 ll. 1-4.

Because the oral agreements upon which G.M. Dowd rests his entire case would so change the terms of the P & S that it would essentially create a new contract, they must be in writing. This Honorable Court should not be persuaded by G.M. Dowd's argument, which advances the notion that his alleged oral agreement with J. Dowd, which consists of terms utterly different than those contained in the P &S, is valid. For these reasons the Court should ALLOW J. Dowd's Motion for Summary Judgment.

C. <u>Defendant, James Dowd, is Entitled to Summary Judgment as to Count II Because Recovery on the Theories of Quantum Meruit and Unjust Enrichment are Inapplicable</u>

Recovery in Quantum Meruit presupposes that no valid contract covers the subject matter of the dispute. <u>MCI WorldCom Communications, Inc. v. Dep't of Telecommunications & Energy</u>, 442 Mass. 103, 116 (2004). *See* <u>Boswell v. Zephyr Lines, Inc.</u>, 414 Mass. 241, 250, 606 N.E.2d 136 (1993) ("But even [if Quantum Meruit had] been raised, the provisions of the express contract address the disputed issue, and '[r]ecovery in Quantum Meruit presupposes that no valid contract covers the subject matter of a dispute'." Count II of the Complaint seeks recovery under the theory of Quantum Meruit. However, this theory of recovery presupposes that no valid contract covers the subject matter of the dispute. At issue is the purchase price of the property and a certain condition attached to the property. However, the P & S is clearly a valid contract which covers, in fact governs, the subject matter of the dispute. G.M. Dowd cannot, therefore, in good faith, aver unjust enrichment and seek recovery under the theory of Quantum Meruit for monies which are covered in the P & S. The "underlying

15

basis for awarding Quantum Meruit (sic) damages is unjust enrichment of one party and unjust detriment to the other party." Salamon v. Terra, 394 Mass. 857, 859 (1985). There is no detriment in this matter. G.M. Dowd was paid $420,000 for the Property. This purchase price was negotiated, in large part, by G.M. Dowd's desire to reduce the price because his son was purchasing the property. SOF ¶7. G.M. Dowd conveyed this desire to family members. SOF ¶7. The P & S contains all of the terms to which both parties intended to be bound and J. Dowd received no enrichment which was unjust, nor did G.M. Dowd suffer any detriment. Though he may regret selling the Property for $420,000, his regret does not justify recovery of additional monies via alleged oral modifications which wholly contradict the terms of the P & S.

WHEREAS, J. Dowd is entitled to summary judgment for Counts I and II and respectfully requests that this Honorable Court ALLOWS his Motion for Summary Judgment.

Respectfully submitted,
James Dowd,
By his attorneys,

/s/ Robert J. Brown, Jr.
Nelson P. Lovins,    BBO #306020
Robert J. Brown, Jr.   BBO #658918
LOVINS & METCALF
Ten Cedar Street
Woburn, MA 01801
PH:    (781) 938 – 8800
F:     (781) 938 – 4753