EXHIBIT B

UNITED STATES DISTRICT COURT
For the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEORGE MICHAEL DOWD, | ) | |
| Plaintiff, | ) | Civil Action No. |
| vs. | ) | 04-11925 NG |
| | ) | |
| JAMES DOWD, | ) | |
| Defendant. | ) | |

## ANSWER COUNTERCLAIM AND JURY DEMAND

As and for his answer to the complaint, defendant James Dowd ("Dowd") states as follows:

### First Defense

In response to the numbered paragraphs of the complaint, the defendant states as follows:

1.  Lacks sufficient knowledge or information to admit or deny the allegations of paragraph 1.

2.  Admits the allegations of paragraph 2.

3.  Admits the allegation of paragraph 3.

4.  Dowd admits that the plaintiff conveyed a piece of real estate to him freely, voluntarily, and for sufficient consideration. Dowd denies the remaining averments of paragraph 4.

5.  Denies the allegations of paragraph 5.

6.  Denies the allegations of paragraph 6.

7.  Admits that Dowd has denied or ignored demands by the plaintiff for monies claimed to be owed, and denies the remaining allegations of paragraph 7.

8.  Denies the allegations of paragraph 8, and states further that the plaintiff has threatened and harassed the defendant concerning the alleged debt, and has come to the defendant's home creating a disturbance. Defendant has called the police to neutralize these threats of the plaintiff.

9.  Admits that he sold the property referenced, but states that the remaining allegations set forth irrelevant opinions or conclusions to which no response is required.

10. Responds to paragraph 10 as set froth in paragraphs 1 through 9, inclusive, above.

11. Denies the allegations of paragraph 11.

12. Responds to paragraph 12 as set froth in paragraphs 1 through 11, inclusive, above.

13. Denies the allegations of paragraph 13 to the extent they set forth allegations, and prays that the relief requested be denied to the extent this is a prayer for relief.

14. Denies the allegations of paragraph 14.

### Second Defense

The claims set forth or purported to be set forth in the complaint are barred by Laches.

### Third Defense

The set forth or purported to be set forth in the complaint are barred by the statute of frauds.

### Fourth Defense

The set forth or purported to be set forth in the complaint are barred by the statute of limitations.

### Fifth Defense

The set forth or purported to be set forth in the complaint are barred by accord and satisfaction or by set-off.

WHEREFORE, the defendant prays that judgment be entered in his favor, and that he be awarded his costs and fees, plus such other and further relief as is just.

## COUNTERCLAIM

1. Plaintiff-in-Counterclaim James Dowd ("James") is a natural person residing in the Commonwealth of Massachusetts.

2. Defendant-in-Counterclaim George Michael Dowd ("George") is a natural person residing in Florida.

3. George is James' father.

4. James' mother and George's wife, Carol Ann Dowd ("Carol"), died on February 22, 2003.

5. Before her death, Carol expressed her wish that her two sons would receive the proceeds of her 401K plan, approximately $141,000, in equal shares. George agreed to see to this distribution and in reliance on that promise Carol did not formally alter the designated beneficiaries of the 401K plan.

6. George has failed to comply with Carol's wishes. After Carol's death, George declared unilaterally that he would divide the 401K proceeds into three parts, with one-third going to him directly and the other two-thirds going to his two sons, James and John.

7. James has never received his share of the proceeds of the 401K plan, and on information and belief, neither has John.

8. On information and belief, George has retained those benefits for himself.

9. As a result, George has unjustly enriched himself to the detriment of the plaintiff.

WHEREFORE, James Dowd prays that this honorable Court enter judgment in his favor in an amount to be determined at trial, plus award him his costs and fees, plus such other and further relief as is just.

## JURY DEMAND

The defendant and plaintiff-in-counterclaim hereby demands a trial by jury of all issues so triable.

JAMES DOWD
By his attorneys

s/s Nelson P. Lovins, BBO#306020

s/s Paul M. Rezendes, BBO#417850
LOVINS & METCALF
Ten Cedar Street, Unit 22
Woburn. MA  01801
(781)938-8800
fax:  (781)938-5753
e-mail: nlovins@lovinslaw.com

Dated:  May 16, 2005