EXHIBIT C

Case 1:04-cv-11925-MBB    Document 21-4    Filed 05/09/2006    Page 1 of 5

## STANDARD FORM
## PURCHASE AND SALE AGREEMENT

This *4* day of *12*, 2003

**1. PARTIES**

I *George in Dowd* hereinafter called the SELLER, agrees to SELL and *Transfer Titel of property*

hereinafter called the BUYER or PURCHASER, agrees to BUY, upon the terms hereinafter set forth, the following described premises: *47 Mallard Way Waltham MA 02452*

**2. DESCRIPTION**

Land and buildings thereon located at                    , further described in **Quitclaim Deed** recorded with         Registry of Deeds, a copy of which is **attached** to this Agreement.

**3. BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES**

Included in the sale as a part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER and used in conjunction therewith including, if any, all wall to wall carpeting, drapery rods, automatic garage door openers, venetian blinds, window shades, screens, screen doors, storm windows and doors, awnings, shutters, furnaces, heaters, heating equipment, stoves, ranges, oil and gas burners and fixtures appurtenant thereto, hot water heaters, plumbing and bathroom fixtures, garbage disposers, electric and other lighting fixtures, mantels, outside television antennas, fences, gates, trees, shrubs, plants, and, ONLY IF BUILT IN, refrigerators, air conditioning equipment, ventilators, dishwashers, washing machines and dryers, and                    but excluding

**4. TITLE DEED**

Said premises are to be conveyed by a good and sufficient quit claim deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven days before the deed is to be delivered as herein provided, and said deed shall convey good and clear record and marketable title thereto, free from encumbrances, except

    (a)    Provisions of existing building and zoning laws;

    (b)    Existing rights and obligations in party walls which are not the subject of written agreement;

    (c)    Such taxes for the then current year as are not due and payable on the date of the delivery of such deed;

    (d)    Any liens for municipal betterments assessed after the date of this agreement;

    (e)    Easements, restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the current use of said premises.

**5. PLANS**

If said deed refers to a plan necessary to be recorded therewith the SELLER shall deliver such plan with the deed in form adequate for recording or registration.

**6. REGISTERED TITLE**

In addition to the foregoing, if the title to said premises is registered, said deed shall be in form sufficient to entitle the BUYER to a Certificate of Title of said premises, and the SELLER shall deliver with said deed all instruments, if any, necessary to enable the BUYER to obtain such Certificate of Title.

**7. PURCHASE PRICE**

The agreed purchase price for said premises is, *400,000.00*                    of which

$ *50,000.* have been paid as deposit this day and

$                    **paid with Offer to Purchase**

$ *370,000.00* are to be paid at the time of delivery of the deed in cash, or by certified, cashier's, treasurer's or bank check(s)

_____

$ *420,000.00* TOTAL

*JMD* BUYER'S INITIALS
_____ BUYER'S INITIALS
SELLER'S INITIALS *GMD*
SELLER'S INITIALS_____

**8. TIME PERFORMANCE: DELIVERY OF DEED**

Such deed is to be delivered at *closing* on the **day of** 2003, at the Registry of Deeds or at another place mutually agreed upon in writing by the parties. It is agreed that time is of the essence of this agreement.

**9. POSSESSION AND CONDITION OF PREMISES**

Full possession of said premises free of all tenants and occupants, except as herein provided, is to be delivered at the time of delivery of the deed, said premises to be then (a) in the same condition as they now are, reasonable use and wear thereof excepted, and (b) not in violation of said building and zoning laws, and (c) in compliance with provisions of any instrument referred to in clause 4 hereof. The BUYER shall be entitled personally to inspect said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of this clause.

**10. EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM**

If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, the SELLER shall use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make said premises conform to the provisions hereof, as the case may be, in which event the time for performance hereof shall be extended for a period of **thirty** days; provided, however, that in using such "reasonable efforts," SELLER shall not be required to expend more than $10,000.

**11. FAILURE TO PERFECTITLE OR MAKE PREMISES CONFORM**

If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, or if at any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then, any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto.

**12. BUYER'S ELECTION TO ACCEPT TITLE**

The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefore the purchase price without deduction, in which case the SELLER shall convey such title, except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, either

(a) pay over or assign to the BUYER, without recourse, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration, or

(b) if a holder of a mortgage on said premises shall not permit the insurance proceeds or a part thereof to be used to restore the said premises to their former condition or to be paid over or assigned, give to the BUYER a credit against purchase price, on the delivery of the deed, equal to said amounts so recovered or recoverable and retained by the holder of the said mortgage less any amounts reasonably expended by the SELLER for partial restoration.

**13. ACCEPTANCE OF DEED**

The acceptance of a deed by the BUYER or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

**14. USE OF PURCHASE MONEY TO CLEAR TITLE**

To enable the seller to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed or within a reasonable time after such recording, as is customary in the Greater Boston area.

**15. INSURANCE**

Until the delivery of the deed, the SELLER shall maintain insurance on said premises as follows:

| Type of Insurance | Amount of Coverage |
| --- | --- |
| (a) Fire and extended coverage | $ As presently insured |
| (b) | |

_____ BUYER'S INITIALS
_____ BUYER'S INITIALS
SELLER'S INITIALS _____
SELLER'S INITIALS _____

**16. ADJUSTMENT** ... value of all fuel on hand shall be apportioned ... the oil, gas and fuel value shall be adjusted, as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed.

**17. ADJUSTMENT OF UNASSESSED AND ABATED TAXES**

If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding fiscal year, with a reapportionment as soon as the new tax rate and valuation can be ascertained; and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed.

**18. BROKER(S) FEE**

A Broker's fee for professional services of                is due from the SELLER to, the Broker herein, such payment to be made if, as and when SELLER receives the full purchase price due hereunder and BUYER accepts and records SELLER'S deed, and not otherwise.

**19. BROKER(S) WARRANTY**

The Broker(s) named herein                , warrant(s) that the Broker(s) is (are) duly licensed as such by the Commonwealth of Massachusetts.

**20. DEPOSIT**

All deposits made hereunder shall be held, in escrow, by                as escrow agent subject to the terms of this agreement and shall be duly accounted for at the time for performance of this agreement. In the event of any disagreement between the parties, the escrow agent may retain all deposits made under this agreement pending instruction mutually given by the SELLER and the BUYER. **Deposits shall be held in an interest bearing account with accrued interest to be divided equally between Buyer and Seller.**

**21. BUYER'S DEFAULT; DAMAGES**

If the BUYER shall fail to fulfill the BUYER'S agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages unless within thirty days after the time for performance of this agreement or any extension hereof, the SELLER otherwise notified the BUYER in writing.

**22. RELEASE BY HUSBAND OR WIFE**

The SELLER'S spouse hereby agrees to join in said deed and to release and convey all statutory and other rights and interests in said premises.

**23. BROKER AS PARTY**

The Broker(s) named herein join(s) in this agreement and become(s) a party hereto, insofar as any provisions of this agreement expressly apply to the Broker(s), and to any amendments or modifications of such provisions to which the Broker(s) agree(s) in writing.

**24. LIABILITY OF TRUSTEES, SHAREHOLDER, BENEFICIARY**

If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, as neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder.

**25. WARRANTIES AND REPRESENTATIONS**

The BUYER acknowledges that the BUYER has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing, except for the following additional warranties and representations, if any, made by either the SELLER or the Broker(s):

NONE

**26. MORTGAGE CONTINGENCY CLAUSE**

In order to help finance the acquisition of said premises, the BUYER shall apply for a conventional bank or other institutional mortgage loan of $                , at prevailing rates, terms and conditions. If despite the BUYER'S diligent efforts a commitment for such loan cannot be obtained on or before                the BUYER may terminate this agreement by written notice to the SELLER, prior to the expiration of such time, whereupon any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto. In no event will the BUYER be deemed to have used diligent efforts to obtain such commitment unless the BUYER submits a complete mortgage loan application conforming to the foregoing provisions on or before

*JMD* BUYER'S INITIALS
_____ BUYER'S INITIALS
SELLER'S INITIALS *HMcf*
SELLER'S INITIALS_____

| | |
|---|---|
| **27. CONSTRUCTION OF AGREEMENT** | This instrument, executed in multiple counterparts, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators successors, and assigns, and may be canceled, modified, or amended only by a written instrument executed by both the SELLER and the BUYER.  If two or more persons are named herein as BUYER their obligations hereunder shall be joint and several.  The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it. |
| **28. LEAD PAINT LAW** | The parties acknowledge that, under Massachusetts law, whenever a child or children under six years of age resides in any residential premises in which any paint, plaster, or other accessible material contains dangerous levels of lead, the owner of said premises must remove or cover said paint, plaster or other material so as to make it inaccessible to children under six years of age. |
| **29. SMOKE DETECTORS** | The SELLER shall, at the time of delivery of the deed, deliver a certificate from the fire department of the city or town in which said premises are located stating that the premises have been equipped with approved smoke detectors in conformity with applicable law. |
| **30. ADDITIONAL PROVISIONS** | The initialed riders, if any, attached hereto, are incorporated herein by reference. |

**FOR RESIDENTIAL PROPERTY CONSTRUCTED PRIOR TO 1978, BUYER MUST ALSO HAVE SIGNED LEAD PAINT "PROPERTY TRANSFER NOTIFICATION CERTIFICATION"**

NOTICE:  This is a legal document that creates binding obligations.  If not understood, consult an attorney.

SELLER: _George M Dowd_                              SELLER: _____

BUYER: _James M Dowd_                               BUYER: _____

---

**EXTENSION FOR PERFORMANCE**

Date _____

The time for the performance of the foregoing agreement is extended until _____ o'clock ___M. on the _____day of _____, 20___, time still being of the essence of this agreement as extended.

This extension, executed in multiple counterparts, is intended to take effect as a sealed instrument.

BUYER: _____                    BUYER: _____

SELLER: _____                   SELLER: _____