UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 MAY 30  P 3:51
U.S. DISTRICT COURT
DISTRICT OF MASS.

**GEORGE MICHAEL DOWD**
Plaintiff

vs.

CIVIL ACTION
04-11925NG

**JAMES DOWD**
Defendant

## GEORGE MICHAEL DOWD'S OPPOSITION TO JAMES DOWD'S MOTION FOR SUMMARY JUDGMENT

To defeat a Motion for Summary Judgment, George Michael Dowd, Plaintiff must demonstrate, through admissible evidence, that a material factual dispute exists or that Summary Judgment is inappropriate as a matter of law. Godbout v. Cousins et al., 396 MASS 254. When the Court considers the materials accompanying a Motion for Summary Judgment, the inferences from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion and all doubt as to the existence of a genuine issue of material fact must be resolved against the party (James Dowd, Defendant) moving for summary judgment. Attorney General et al. vs. Bailey, 386 MASS 367 (1982).

The non-moving party must produce a sufficient amount of evidence to defeat summary judgment. Anderson vs. Libert Corp., 477 U.S. 42. James Dowd, Defendant, introduces no affidavits or sworn testimony by James Dowd in this matter. It is George Michael Dowd's sworn testimony as follows:

Q: "When you made the deal that you claim you did with your son, James Dowd, for the 450, was there anybody present?

A: My brother, Bill, was present at one occasion over at the house at 47 Mallard Way.

Q: When you say "you say one occasion" are you saying the deal was talked about on more than one occasion?

A: Yes it was.

Q: Okay, and where have you talked to your brother, Bill, since that?

A: Yes I have.

Q: Okay, What conversation have you had with him about the transaction for 47 Mallard Way?

A: Well, just basically that Tim sold the houses. He owes me money.
He said I know that he owes you the money. I was there, I heard everything that went on.

Q: Bill said that?

A: Yes.

Q: And that is your brother, Bill, is that correct?

A: Correct.

DOWD DEPOSITION page 59/60

Q: So you are saying that William was actually a witness to the conversation where you told your son you wanted $50,000 if the property...

A: Yes, he was.

DOWD DEPOSITION page 61

Q: Let me rephrase that, are there any documents in connection with the deal you made with your son relative to 47 Mallard Way? Are there any documents, written documents, other than the Purchase and Sale Agreement?

A: No, I thought I could trust my son.

DOWD DEPOSITION page 83

Q: Did this arrangement with your son concerning the $50,000 have anything to do with the price for which he would have sold it or was it strictly a question of the time period within which he was to sell it?

A: It had to do with the time period.

DOWD DEPOSITION page 47/48

## CONCLUSION

James Dowd brings a Summary Judgment Motion without <u>affidavits</u> or <u>sworn testimony</u> on the part of James Dowd, personally. There are genuine issues of fact to be resolved. The motion should be denied.

Plaintiff by his attorney:

*[signature]*

Damon Scarano
60 Commercial Wharf
Boston, MA 02110
617-367-0395
May 30, 2006

*I hereby certify under pains and penalties of perjury I gave notice to Attorney Brown by mail on May 30, 2006*

*[signature]*