UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE MICHAEL DOWD,
    Plaintiff,

V.                                    CIVIL ACTION NO.
                                      04-11925-MBB

JAMES DOWD,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR SEPARATE JUDGMENT UNDER FED. R. CIV. P. 54(b)**
**(DOCKET ENTRY # 26)**

**August 21, 2006**

**BOWLER, U.S.M.J.**

    Defendant James Dowd ("defendant") moves for the entry of a separate final judgment under Rule 54(b), Fed. R. Civ. P. ("Rule 54(b)"). (Docket Entry # 26). Plaintiff George Michael Dowd did not file an opposition to the motion.

    On June 30, 2006, this court allowed defendant's motion for summary judgment on the two counts in the complaint. Before proceeding further on the remaining counterclaim, defendant asks this court to enter a separate final judgment. He reasons that a separate judgment is "helpful in determining the future course of this case" and will "assist the Defendant in making a decision on whether to proceed on the Counterclaim." (Docket Entry # 27).

    Although there is not a significant factual or legal overlap between the dismissed claims and the counterclaim, the parties are the same. See D.J. Manufacturing Corp. v. Tex-Shield, 189 F.R.D. 34, 37-38 (D.P.R. 1999). Furthermore, piecemeal appeals

are not favored and waste judicial resources by avoiding a single determination of the merits of an entire case. Kersey v. Dennison Manufacturing Co., 3 F.3d 482, 486 (1st Cir. 1993) (recognizing the "strong judicial policy disfavoring piecemeal appellate review"); accord Willhauck v. Halpin, 953 F.2d 689, 701 (1st Cir. 1991) (Rule 54(b) creates "an exception to the longstanding prudential policy against piecemeal appeals").

In addition, the equities do not particularly favor an immediate appeal and the reasons proffered by defendant do not amount to "no just reason for delay" within the meaning of Rule 54(b). Rather, the reasons appear to facilitate a strategic decision on the part of defendant. The entry of a separate final judgment under Rule 54(b), however, "should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants." Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988). Instead, separate final judgments under the rule "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. This is not such an unusual case.

## CONCLUSION

In accordance with the foregoing discussion, defendant's

motion for a separate final judgment (Docket Entry # 26) is

**DENIED**.

                                        /s/ Marianne B. Bowler
                                        **MARIANNE B. BOWLER**
                                        United States Magistrate Judge